101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mitch PAULSEN, Plaintiff-Appellant,
v.
Andrew NESSELROTH, Mike Plunkett and John Derienzo, Plaintiffs,
v.
The COUNTY OF NASSAU, Nassau County Veterans Memorial
Coliseum and Facility Management of New York,
Inc., Defendants-Appellees.
 No. 95-7152.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANT: Mitch Paulsen, Baldwin, New York, pro se.
 APPEARING FOR APPELLEES: Douglas P. Catalano, Fulbright & Jaworski, L.L.P., New York, New York.
 E.D.N.Y.
 AFFIRMED.
 Before FEINBERG, MAHONEY and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiff-appellant Mitch Paulsen appeals pro se from an order entered December 2, 1994, which sanctioned Paulsen pursuant to Rule 11(c)(1)(B) of the Federal Rules of Civil Procedure and the court's inherent authority. The district court declined to assess monetary sanctions, but strongly admonished Paulsen for his abusive litigation tactics in bringing a contempt motion against defendants-appellees. On appeal, Paulsen argues that the district court abused its discretion when it refused to consider new videotape evidence at the sanctions hearing.
 
 
 4
 2. A consent judgment between Paulsen and defendants-appellees entitles Paulsen to distribute noncommercial literature at the Nassau Coliseum (the "Coliseum") on specified terms and conditions. An altercation occurred at the Coliseum between Paulsen and Coliseum employees on the evening of March 17, 1994 in connection with Paulsen's distribution of literature, as a result of which Paulsen moved to hold defendants-appellees in contempt of the consent judgment. The district court conducted a three day hearing, concluded that "Paulsen's motion was utterly baseless in fact," Paulsen v. County of Nassau, No. CV-89-3493 (E.D.N.Y. Nov. 29, 1994), and ordered Paulsen to show cause at a subsequent hearing why sanctions should not be imposed against him for bringing the contempt motion. At the subsequent sanctions hearing, the district court declined Paulsen's offer to show a videotape taken at the Coliseum the evening of March 17, 1994 by a news organization that allegedly showed Paulsen wearing an identifying badge in compliance with the consent judgment.
 
 
 5
 3. The district court acted well within its discretion in refusing to view the videotape. Cf. International Shipping v. Hydra Offshore, Inc., 875 F.2d 388, 392 (2d Cir.) ("[W]e have previously rejected the notion that the imposition of sanctions pursuant to Rule 11 requires an evidentiary hearing.") (citing Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir.1986), cert. denied, 480 U.S. 918 (1987)), cert. denied, 493 U.S. 1009 (1989).
 
 
 6
 4. We affirm substantially for the reasons stated in the opinion of the district court. See Paulsen, slip op. at 6-8.